RECEIVED
IN ALEXANDRIA, LA
AUG 24 2009
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| KEVIN LANE BAKER (D.O.C.#182261) | DOCKET NO. 09-cv-0050; SEC. P |
| VERSUS | JUDGE DEE D. DRELL |
| CORRECTIONS CORPORATION OF AMERICA, ET AL. | MAGISTRATE JUDGE JAMES D. KIRK |

## REPORT AND RECOMMENDATION

Before the Court is a civil rights complaint (42 U.S.C. §1983) filed by Plaintiff Kevin Lane Baker (DOC#182261), pro se and in forma pauperis on January 12, 2009. Baker is an inmate in the custody of the Louisiana Department of Public Safety and Corrections (DOC) and is housed at Winn Correctional Center (WCC) in Winnfield, Louisiana. Plaintiff complains that he is being denied adequate medical care by the defendants. Plaintiff names as defendants: Corrections Corporation of America (CCA), Louisiana Department of Public Safety and Corrections (LDOC), Warden Tim Wilkinson, Medical Director Pat Thomas, and Dr. Alphonso Pacheco.

## FACTUAL BACKGROUND

According to documents submitted with his amended complaint, Plaintiff received a three day prescription for Benadryl on April 17, 2006. [Doc. #5, p.24] Dr. Pacheco prescribed three months of Claritin on May 10, 2006 [Doc. #5, p.24], but Plaintiff said that it did not work. Plaintiff then received a three month prescription for Benadryl on September 14, 2006, which expired on

December 14, 2006. [Doc. #5, p.16] One of the nurses renewed the Benadryl prescription for another three months on January 2, 2007, pending approval by Dr. Pacheco, but the doctor ordered that the Benadryl be discontinued on January 23, 2007. [Doc. #5, p.31, 29] Plaintiff submitted a sick call request on January 29, 2007, because he learned that his Benadryl prescription had been discontinued. He was examined the next day, but no medication was ordered. [Doc. #5, p.14-15] Plaintiff submitted a written complaint to the warden about his Benadryl prescription being discontinued, noting "I realize there are inmates who sell and smoke Benadryl, I am not one of these." [Doc. #5, p.16]

On March 29, 2007, Plaintiff submitted another sick call request due to chronic allergies. [Doc. #5, p.17] He was examined the next day and provided "sinus PE tabs x3 days per protocol." [Doc. #5, p.18] On April 2, 2007, Plaintiff submitted another sick call request for Benadryl, but he cancelled the sick call the next day.

Plaintiff wrote a Request for Administrative Remedy (ARP) on April 13, 2007, complaining that the doctor refused to continue prescribing Benadryl. Plaintiff spoke with Dr. Pacheco on the day of Plaintiff's follow up appointment at LSU after a colonoscopy. According to Plaintiff, Dr. Pacheco said that Benadryl was not to be taken for long periods of time. Dr. Pacheco told Plaintiff that he would only give Plaintiff Benadryl prescriptions for short

2

periods of time. [Doc. #5, p.35]

On July 24, 2007, Plaintiff submitted an inmate request form complaining that he has to get the warden involved every three months in order to get his Benadryl prescription refilled. [Doc. #5, p.21] A notation on August 13, 2007 states, "meds have been reordered." [Doc. #5, p.21] Apparently, though, while Plaintiff had received another three month prescription for Benadryl from Nurse Howard on August 4, 2007, either Kathy Richardson or Dr. Pacheco discontinued the medication on August 6, 2007. [Doc. 5, p.20] So, on August 9, 2007, Plaintiff submitted another inmate request for Benadryl. There is another notation on August 13, 2007 stating, "meds reordered." [Doc. #5, p.22]

Plaintiff submitted a sick call request and was examined on May 9, 2008 by Nurse Smith. The nurse informed Plaintiff that she would have the doctor review Plaintiff's file. After conferring with Dr. Pacheco, however, the nurse informed Plaintiff that Pacheco said there was no clinical need for Plaintiff to receive Benadryl. Pacheco refused to renew the prescription. [Doc. #1]

Plaintiff filed an administrative remedy procedure form on May 11, 2008. In a response dated June 24, 2008, the grievance was denied. Plaintiff's request was also denied by the LDOC on August 1, 2008.

Plaintiff also complains that, on September 19, 2008, he made a request to the medical department for a hearing aid. He was

examined by nurse Atkins who allegedly reported to Plaintiff that there was no ear wax restricting his hearing. Atkins left to get information on Plaintiff receiving a hearing aid. When Atkins returned, the nurse told Plaintiff, "They said we don't give out hearing aids as D.O.C. doesn't require an inmate to hear while locked up." [Doc. #1-3, p.9]

On September 21, 2008, Plaintiff filed an Administrative Remedy Procedure about the hearing aid. He received a denial at the first step on October 16, 2008, which noted that upon examination Plaintiff's ears had no ear infection and his ear drums were in tack. It also noted that hearing aids are not given out on demand of the inmate. [Doc. #1, p.30] The second step denial came on December 9, 2008, citing health care policy number 16, which provides that hearing devices are only provided when the health of the inmate would otherwise be adversely affected. [Doc. #1, p.31]

## LAW AND ANALYSIS

The Eighth Amendment's prohibition against cruel and unusual punishment forbids deliberate indifference to the *serious* medical needs of prisoners. Estelle v. Gamble, 429 U.S. 97, 104 (1976). The plaintiff must prove **objectively** that he was exposed to a substantial risk of serious harm. Farmer v. Brennan, 511 U.S. 825, 834 (1994). The plaintiff must also show that prison officials acted or failed to act with deliberate indifference to that risk. Id. The deliberate indifference standard is a **subjective** inquiry;

4

the plaintiff must establish that the prison officials were actually aware of the risk, yet consciously disregarded it. Id. at 837, 839; Lawson v. Dallas County, 286 F.3d 257, 262 (5th Cir. 2002). Facts underlying a claim of deliberate indifference must clearly evince the medical need in question and the alleged official dereliction. Johnson v. Treen, 759 F.2d 1236, 1238 (5th Cir. 1985). "The legal conclusion of 'deliberate indifference,' therefore, must rest on facts clearly evincing 'wanton' actions on the part of the defendants." Id. Mere negligence does not constitute a section 1983 cause of action. Estelle, 429 U.S. at 106; Wagner v. Bay City, 227 F.3d 316, 324 (5th Cir. 2000).

Plaintiff was ordered to amend his complaint to identify his serious medical needs. Plaintiff responded that, according to the Marshall Cavendish Encyclopedia of Family Health, "Allergies are seldom life-threatening, though they can be dangerous, and are often very uncomfortable for the sufferer." [Doc. #5, p.2-3] He also lists many possible symptoms as reported in the encyclopedia including difficulty in breathing, wheezing, nose bleeds, blinding headaches, etc. Plaintiff has not alleged, nor do his medical records indicate, that he has ever suffered from any of these severe symptoms. The symptoms described by Plaintiff are the uncomfortable, bothersome symptoms of seasonal allergies, and he states that his symptoms are at their worst in the spring. [Doc. #5, p.23] Plaintiff has not alleged that he was exposed to a

substantial risk of serious harm from improperly treated allergies.

Moreover, Plaintiff has not alleged that the defendants had a subjective intent to cause harm. See Bailey v. Turner, 149 Fed. Appx. 276 (5th Cir. 2005)(citations omitted). Based on Plaintiff's two complaints and medical records, it is evident that he was not being denied all medical care. He received Benadryl on a number of occasions, received Claritin for a period of time, and was being treated for other illnesses.[1] Plaintiff does not allege facts indicating that the defendants refused to treat him, ignored his complaints, intentionally treated him incorrectly. See Johnson v. Treen, 759 F.2d 1236, 1238 (5th Cir. 1985). While it is Plaintiff's opinion that he needs daily Benadryl, it is Dr. Pacheco's medical opinion that Benadryl is not to be taken long term. [Doc. #5, p.35] The doctor told Plaintiff that he would prescribe Benadryl occasionally for Plaintiff's symptoms. Plaintiff clearly disagrees with the manner and course of treatment, but it is well-settled that an inmate's disagreement with medical treatment does not evince deliberate indifference to his serious medical needs. See Gobert v. Caldwell, 463 F.3d 339, 346 (5th Cir. 2006); Norton v. Dimazana, 122 F.3d 286, 291-92 (5th Cir. 1997).

Next, Plaintiff complains that he has "diminished hearing,"

---

[1] Plaintiff received Prevacid in 2006, Omeprazole (Prilosec) in 2006 and 2007, and lab studies and a colonoscopy in 2006 for rectal bleeding. [Doc. #5, Exhibits]

which he claims "can occur when allergies are left untreated," according to his encyclopedia. [Doc. #5, p.5] Plaintiff has diagnosed himself with hearing loss, identified the cause of hearing loss as being possibly due to allergies, and has determined that he is in need of a hearing aid, which he is not being provided. First, Plaintiff has alleged no facts in support of his conclusion that his hearing is actually impaired or that such impairment is caused by allergies. This allegation is conclusory and unsupported by facts. See Schultea v. Wood, 47 F.3d 1427, 1433 (5th Cir. 1995). Additionally, Plaintiff has not alleged that he is exposed to a substantial risk of serious harm or that Defendants acted or failed to act with deliberate indifference to that risk. Plaintiff's claim should be dismissed.

Finally, Plaintiff seeks to hold Wilkinson liable for denying Plaintiff's grievance. [Doc. #5, p. 7] However, there is no constitutional right to have grievances addressed, investigated, or favorably resolved. See Geiger v. Jowers, 404 F.3d 371 (5th Cir. 2005). Plaintiff alleges that Pat Thomas is liable based on her supervisory role as medical director and because she allegedly violated the terms of her contract by not providing Plaintiff with a hearing aid. "Supervisory officials may be held liable only if: (I) they affirmatively participate in acts that cause constitutional deprivations or (ii) they implement unconstitutional policies that causally result in Plaintiff's injuries." Mouille v.

City of Live Oak, Tex., 977 F.2d 924, 929 (5th Cir. 1992), *cert. denied*, 508 U.S. 951 (1993). Thomas cannot be constitutionally liable to Plaintiff based upon an alleged breach of contract, as that does not present a constitutional claim, and Plaintiff has not presented non-conclusory factual allegations that Thomas participated in any acted or implemented any policy that violated his constitutional rights. Next, the Louisiana DOC is immune from suit under the State's shield of the Eleventh Amendment to the United States Constitution. Edelman v. Jordan, 415 U.S. 651 (1974)(An unconsenting state is immune from any lawsuit seeking monetary damages or equitable relief brought in federal court by her own citizens as well as by citizens of other states.) Also, CCA is not liable as the compliant is devoid of any allegations that an official policy or custom of CCA was the "moving force" behind the alleged deprivation of Plaintiff's rights. See Rosborough v. Mgmt. & Training Corp., 350 F.3d 459, 461 (5th Cir. 2003)(A private corporation is not vicariously liable under § 1983 for its employees' deprivations of others' civil rights.) Finally, as noted above, Plaintiff has not presented facts of deliberate indifference by Dr. Pacheco.

## CONCLUSION

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff's complaint be **DENIED AND DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim upon which relief can be granted under

28 U.S.C. §1915(e)(2)(B)(i) and (ii).

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Federal Rule of Civil Procedure 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See <u>Douglass v. United Services Automobile Association</u>, 79 F.3d 1415 (5th Cir. 1996).

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this _____ day of _____August_____, 2009.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE